## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------X

JOHN BALWIERCZAK,

                        Plaintiff,                  15 Civ.

        VS.                          <u>COMPLAINT</u>

PORT AUTHORITY TRANS-HUDSON
CORPORATION,

                        Defendant.

-------------------------------------------------------------X

## <u>NATURE OF ACTION</u>

1.      The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

## <u>JURISDICTION</u>

2.      This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51.  Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

## <u>PARTIES</u>

3.      The plaintiff is of North Arlington, New Jersey.

4.      The defendant, Port Authority Trans-Hudson Corporation is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

## <u>FACTS</u>

5.      During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York and New Jersey.

6.     At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as an Operations Examiner.

7.     At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8.     On or about January 9, 2012, the plaintiff was engaged in his duties as an Operations Examiner in the defendant's Dispatcher Office in Jersey City, New Jersey, which office, furniture, and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant.

9.   On or about January 9, 2012, the plaintiff was performing his assigned duties as an Operations Examiner in the defendant's Dispatcher Office when he sat down in one of the Office chairs.   Unbeknownst to the plaintiff, PATH employees such as Foreman Daniel Ryan had previously alerted the defendant that those chairs in the Office were not in a stable or secure condition and needed to be replaced before someone was hurt.   When the plaintiff sat down the chair broke, causing him to abruptly fall to the floor, hitting his head on a metal filing cabinet on the way down.   Due to the failure of the defendant to properly maintain and secure that Office chair, remove it from service, or place any warnings on it, the plaintiff received injuries to his head, neck, and left side.

## AS AND FOR A FIRST CAUSE OF ACTION

10.     The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 9 of this Complaint with the same force and effect as if set forth under this cause of action.

11.  The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

a. by failing to provide safe and secure chairs in its Dispatcher Office;

b. by failing to remove from service chairs in the Dispatcher' Office known to be in an unsafe or hazardous condition;

c.  by failing to place any warnings on the chairs in the Dispatcher Office known to present a risk of injury to employees attempting to use them; and

d. by failing to act in a reasonably prudent manner under the facts and circumstances surrounding the accident.

11.    As a result of the negligence of the defendant Railroad, its agents, servants, or employees the plaintiff was injured.

12.    As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work, including but not limited to furnishing him with safe and suitable office furniture, equipment, premises, or warnings, the plaintiff was injured.

13.    As a result of the said injuries, the plaintiff has suffered lost wages, medical expenses, pain and suffering, and mental anguish.

14.    That the plaintiff was damaged thereby in the sum of $250,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS, together with the costs and disbursements of this action.

**WHEREFORE**, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a

judgment for damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

## PLAINTIFF DEMANDS TRIAL BY JURY

By his attorney,

_____
MARC T. WIETZKE
Flynn & Wietzke, P.C.
1205 Franklin Avenue, Suite 370
Garden City, NY 11530
Telephone:  (516) 877-1234
Fax:  (516) 877-1177
E-Mail:  MWietzke@FELAattorney.com
             Eflecha@FELAattorney.com


Charles C. Goetsch [CG9082]
Charles Goetsch Law Offices LLC
405 Orange St.
New Haven, CT 06511
203-672-1370 office
203-776-3965 fax
charlie@gowhistleblower.com